**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT EARL RONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIV. ACT. NO. 1:22-cv-509-TFM-N** |
| | ) | |
| **ALEX LOTT,[1] *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

| | | |
|---|---|---|
| **THOMAS LAMAR RONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIV. ACT. NO. 1:23-cv-154-TFM-N** |
| | ) | |
| **ALEX LOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Unopposed Motion to Consolidate* (Civ. Act. No. 1:22-cv-509, Doc. 109, filed 9/16/24; Civ. Act. No. 1:23-cv-154, Doc. 33, filed 9/16/24).  For good cause, it is **ORDERED** that the motions to consolidate for the purposes of discovery are **GRANTED**.

**I.       DISCUSSION AND ANALYSIS**

The Federal Rules of Civil Procedure state: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or

---

[1] The Court noticed that the parties used the original lead defendant Ashley Rich in the header. However, she was terminated from this action on December 8, 2023 when the Court dismissed her from the action.  *See* Doc. 62.  Therefore, the Court corrects the header to the "next in line" defendant which is Alex Lott – who is a defendant in both cases.

delay." FED. R. CIV. P. 42(a).  Fed. R. Civ. P. 42(a) "is a codification of a trial court's inherent

managerial power 'to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d

1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006,

1012 (5th Cir. 1977)).  However, as noted by the plain language in the use of the word "may," the

Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary.  *See also Eghnayem v. Boston

Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495)

(emphasizing decision is "purely discretionary.").  In exercising that discretion, the Court must

take into account the following factors: (1) whether the specific risks of prejudice and possible

confusion are overborne by the risk of inconsistent adjudications of common factual and legal

issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple

lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4)

the relative expense to all concerned of the single-trial, multiple-trial alternatives.  *Id*.  Finally, the

Court may decide to consolidate for pretrial, trial, or both.

   Turning to the situation at hand, the Court finds that the majority of the above factors are

met in favor of consolidation on discovery-matters.  Additionally, Defendant Lott notes that no

party objects to the consolidation.  The Court finds that consolidation for discovery is appropriate.

While normally the Court would direct the parties to file all discovery issues in the first-filed case,

the case at hand, the second filed case has already had some discovery.  Therefore, for the purposes

of discovery-only, the parties shall file their discovery matters in the second case as discussed in

the conclusion.

## II. CONCLUSION

   For the reasons articulated above, it is **ORDERED** that the motions to consolidate (Civ.

Act. No. 1:22-cv-509, Doc. 109; Civ. Act. No. 1:23-cv-154, Doc. 33) are **GRANTED**.

The parties are also **DIRECTED** to use the consolidated header used on this order for all discovery related matters.  Any non-discovery motions that pertain to an individual case shall be filed only in its original case with the single header.

The entry of an amended scheduling order is **REFERRED** to the Magistrate Judge.

**DONE** and **ORDERED** this 16th day of September, 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE