IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS LAMAR RONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-cv-154-TFM-N |
| | ) |
| ALEX LOTT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is *Defendant Alex Lott's Motion to Disqualify Plaintiff's Counsel* (Doc. 9, filed July 14, 2023) in which Defendant Alex Lott requests the Court, pursuant to S.D. Ala. GenLR 83.3(i), disqualify Robert E. Rone ("Robert") as counsel for Plaintiff Thomas Lamar Rone. Robert filed a response to the motion (Doc. 11), and Defendant filed a reply (Doc. 17) with the Court's leave (Docs. 15, 16). The Court set the motion for a hearing for August 1, 2023 (Doc. 13), and based on the oral instructions from the Court at the hearing, the Court entered an Order for the parties to submit a request to the Alabama State Bar Office, Office of General Counsel, Ethics Division, for a written opinion as to whether, under the circumstances, Robert was allowed, pursuant to the applicable ethics rules, to represent Thomas. Doc. 18. Further, the Court stayed this matter until the Alabama State Bar Office issued a response to the parties' inquiries. *Id.* Each of the parties submitted notices of compliance with the Court's Order (Docs. 21, 22) as well as each of their responses from the Alabama State Bar Office (Docs. 23, 24). Ultimately, the Court granted Defendant's motion to disqualify Robert as lead counsel in this matter, but allowed him to participate as pretrial counsel, lifted the stay, and informed the parties a detailed written opinion would follow, which is contained in the instant Order. Doc. 28, 30.

In support of the motion to disqualify, Defendant argues Robert represents Plaintiff in this matter, was personally involved in the events that are described in the Complaint, and consequently, would be a necessary witness to contested issues at trial. *Id.* Specifically, Robert participated in a video recorded conversation between he, Plaintiff, and Lauren Butts ("Butts") in a bathroom that is related to charges that were brought against Plaintiff for domestic violence, second, for witness intimidation. *Id.* at 5. Further, Defendant argues Robert's potential participation as both a witness and advocate at the trial of this matter, as well as during the discovery process, would be confusing and would prejudice Defendant. *Id.* Defendant argues Robert's impartiality as a witness may also be compromised to pursue the interests of his client, who is his son, and an additional conflict of interest exists as to Butts, a witness to the events of this matter, who has been in a relationship with Plaintiff and with whom she has a child. *Id.* at 6. Defendants argue Robert represented Plaintiff during the criminal proceedings that underly his current claim of malicious prosecution, but was instructed to withdraw by the presiding Judge, and represented Plaintiff during child custody proceedings against Butts. *Id.* at 3. Finally, Defendant argues none of the exceptions to Rule 3.7 of the Alabama Rules of Professional Conduct ("Rule 3.7") apply to Robert's representation of Plaintiff. *Id.* at 7-8.

In response, Robert argues Plaintiff was not arrested because of what occurred during the bathroom conversation, but was arrested for two alleged incidents that occurred on different dates, and he was not present for either. Doc. 11 at 2. Further, Robert argues, even if the bathroom conversation was a relevant issue in the trial of this matter, he would not be a necessary witness to the conversation because the recording and its contents could be authenticated by either Butts or Plaintiff. *Id.* at 4. Robert also argues his representation of Plaintiff during certain legal matters does not support the argument that he should be disqualified to represent Plaintiff in this matter.

*Id.* at 5. Finally, Robert argues two of the exceptions to Rule 3.7 apply to his representation of Plaintiff, the exception that his testimony about the bathroom conversation would be uncontested and the exception that his disqualification as Plaintiff's counsel would be a substantial hardship on Plaintiff due to the cost to find new counsel to represent him. *Id.* at 6-7.

In reply, Defendant reiterates his argument there is a likelihood Robert will be a necessary witness in this matter because Robert's name appears twenty-two (22) separate times in the Complaint. Doc. 17, at 1-2. Specifically, Defendant argues Plaintiff alleges he and Robert were both arrested for felony intimidation of a witness, Butts, and Defendant obtained warrants for their arrests after he interviewed Butts and she described a conversation in a bathroom at Robert's residence between Plaintiff, Robert, and Butts. *Id.* at 2. Defendant argues the bathroom conversation, in contrast to Robert's assertion, was a basis for Plaintiff's warrant, and is asserted in Plaintiff's complaint as exculpatory evidence. *Id.* at 2-3. Defendant argues Robert represented to Judge Nelson the bathroom conversation was a basis for Plaintiff's warrant. *Id.* at 3. Finally, Defendant argues Robert is mentioned in the incident report that was submitted in support of Plaintiff's warrant as a witness to other harassment of Butts, Robert provided a witness statement for Plaintiff's arrest for assault, and Robert served as Plaintiff's counsel in the assault case for a limited period. *Id.* at 4.

Rule 3.7 states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where:

> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) Disqualification of the lawyer would work substantial hardship on the client.

>(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness, unless precluded from doing so by Rule 1.7 or Rule 1.9.

The Southern District of Alabama local rules state "Attorneys appearing before this Court shall adhere to this Court's Local Rules, the Alabama Rules of Professional Conduct, and the Alabama Standards for Imposing Lawyer Discipline." S.D. ALA. GENLR 83.3(i). As such, Robert is duty bound to comply with Rule 3.7(a).

"[R]ules of professional conduct generally disapprove of lawyers testifying at proceedings in which they are also advocates." *Putman v. Head*, 268 F.3d 1223, 1246 (11th Cir. 2001). The question here turns on whether the attorney-witnesses would be "a necessary witness" as contemplated under Rule 3.7. Moreover, "[b]ecause of the potential for abuse by opposing counsel, 'disqualification motions should be subjected to particularly strict scrutiny.'" *Harker v. Commissioner*, 82 F.3d 806, 808 (8th Cir. 1996) (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985)); *see also Hershewe v. Givens*, 89 F. Supp. 3d 1288, 1291 (M.D. Ala. 2015) (quoting *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) and quoting same).

In construing the issue of "a necessary witness" within the meaning of Rule 3.7, Alabama appellate courts have stated that "[a] necessary witness is one who has crucial information in his possession which must be divulged." *Bradford v. State*, 734 So. 2d 364, 369 (Ala. Crim. App. 1999) (citations and internal quotation marks omitted). "Moreover, the testimony must be relevant, material, and unobtainable elsewhere." *Lane v. State*, 80 So. 3d 280, 299 (Ala. Crim. App. 2010) (citations and internal quotation marks omitted); *see also Pigott v. Sanibel Dev., LLC*, Civ. Act. No. 07-83-WS, 2007 U.S. Dist. LEXIS 68623, 2007 WL 2713188, at *2 (S.D. Ala. Sep. 17, 2007) (holding that Rule 3.7 "requir[es] the party seeking disqualification to establish that

relevant, material evidence could not be obtained other than by calling the attorney as a witness."). "The necessity standard requires more than mere speculation that counsel will be required to testify." *Bradford*, 734 So. 2d at 369 (citation omitted).

In fact, numerous courts in other jurisdictions examining the same, or substantially similar, ethical prohibitions against counsel acting as both witness and advocate have held disqualification is warranted only if there is no other evidence available to prove facts as to which the attorney has personal knowledge. *See, e.g., Macheca*, 463 F.3d at 833 (interpreting Missouri's version of Rule 3.7 to mean that "an attorney is a necessary witness only if there are things to which he will be the only one available to testify"); *Mettler v. Mettler*, 50 Conn. Supp. 357, 360 (Conn. Super. 2007) (under Rule 3.7, "[a] necessary witness is not just someone with relevant information, however, but someone who has material information that no one else can provide"); *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 418 (Ind. App. 2006) ("If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness.") (citation omitted); *Clough v. Richelo*, 616 S.E.2d 888, 891-92 (Ga. App. 2005) (interpreting analogous Georgia rules as requiring party seeking disqualification under Rule 3.7 to demonstrate "that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts"); *Weigel v. Farmers Ins. Co.*, 356 Ark. 617, 626 (Ark. 2004) (adopting standard that disqualification is warranted under Rule 3.7 only if evidence of which attorney has personal knowledge "is unobtainable elsewhere"); *State v. Van Dyck*, 149 N.H. 604, 606 (N.H. 2003) ("A lawyer is a necessary witness if his or her testimony is relevant, material and unobtainable elsewhere.") (citation omitted); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001) (holding an attorney's testimony was not necessary under Rule 3.7 when each piece of information was available from another

source); *Harter v. Univ. of Indianapolis*, 5 F. Supp.2d 657, 665 (S.D. Ind. 1998) ("A necessary witness is not the same thing as the 'best' witness. If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness."); *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994) (same); *United States v. Childers*, Crim. Act. No. 24-102, 2024 U.S. Dist. LEXIS 153514, 2024 WL 3953993 (W.D. Okla. Aug. 27, 2024) (citations omitted; noting that AUSA may not be called as the listed subjects would not prove or disprove the falsity of the alleged declarations and AUSA thought process and strategy regarding questions asked and decisions made are likely privileged); *see also United States v. Torres*, 503 F.2d 1120, 1126 (2d Cir. 1974) (holding that a federal prosecutor should not take the stand to impeach a government witness "unless it is unavoidably necessary").

Plaintiff brings against Defendant two claims: (1) violation of the Fourth Amendment based on malicious prosecution and (2) outrage/intentional infliction of emotional distress. Doc. 1. In the Complaint, Plaintiff's malicious prosecution claim is premised on his arrest that stemmed from Defendant's interview of Butts and a report of the interview that he produced that was used to procure a warrant for Plaintiff's arrest. In turn, Plaintiff's outrage claim is based on the alleged malicious prosecution.

The Complaint itself describes several instances that involve Robert as a material witness. Plaintiff describes an incident in July 2019, a few days after he was arrested for assault, when Defendant went to Robert's office to confront him about a social media post by Plaintiff that included anti-police song lyrics. *Id.* at 3-4. Plaintiff describes another instance when in September 2020, Butts asked Robert to overturn her youthful offender plea and allegedly told him law enforcement attempted to coerce her to say Plaintiff abused her. *Id.* at 4. Plaintiff describes how

charges against he and Robert were fabricated by Defendant based on the interview of Butts and Defendant's report of the interview that he submitted in support of the warrants. *Id.* at 5-6. Further, Plaintiff claims Defendant "intentionally disregarded pertinent exculpatory evidence," which Plaintiff claims includes the bathroom recording at issue. *Id.* at 11. Plaintiff states Robert recorded the bathroom conversation with his cell phone. *Id.* at 4.

The crux of Plaintiff's claims is Defendant exaggerated, and even fabricated, facts to secure a warrant for Plaintiff's arrest, which means Defendant's credibility would be a central issue in a trial of this matter. In turn, Butts's credibility would also be a central issue at trial. Given the number of events that are described in the Complaint that involve Robert as a witness, the Court finds it difficult to conceive he will not be a necessary witness at trial, both as to necessary facts and the credibility of other witnesses. Therefore, pursuant to Rule 3.7, the Court finds Robert will be a necessary witness at the trial of this matter and may not represent Plaintiff at trial.

Further, the Court finds none of the exceptions to Rule 3.7 apply in this case since Robert's testimony would relate to events that are contested since the claims in this matter are based on differing accounts of events, does not relate to the nature and value of legal services rendered, and would not cause Plaintiff a substantial hardship since Robert's disqualification as counsel has occurred relatively early in this litigation.

Accordingly, for the reasons that were discussed at the hearing and in this Order, the motion to disqualify (Doc. 9) is **GRANTED**, and Robert Rone is disqualified as Plaintiff Thomas Lamar Rone's counsel for the trial of this matter. The Court did, however, find Robert Rone could assist as counsel for pretrial matters.[1]

---

[1] After the oral ruling on the motion to disqualify, attorney Mike Newton appeared as counsel for Plaintiff. Doc. 29. Thereafter, Robert Rone continued to participate in pretrial matters, including filing Plaintiff's briefing for the motion for summary.

**DONE** and **ORDERED** this 10th day of February 2026.

                                         /s/ Terry F. Moorer
                                         TERRY F. MOORER
                                         UNITED STATES DISTRICT JUDGE